JEFFREY HERZBERG, P.C.
ATTORNEYS AT LAW

300 Rabro Drive, Suite 114
Hauppauge, New York 11788

---

Telephone: (631) 761-6558
Fax No.: (631) 761-6570
E-Mail Address: jeff@jherzberglaw.com

**Via ECF**

May 6, 2024

United States Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

    Re:    Julia F. Soussis v. Michael J. Macco, Chapter 13 Trustee, Office of the United States Trustee
           Docket No. 22-155

Your Honor:

I am writing this letter to advise this Honorable Court that the United States Court of Appeals for the Seventh Circuit on Friday, May 3, 2024 has issued its decision in <u>Marilyn O. Marshall v. Edward Johnson,</u> Docket No. 23-2212. The latter case pertains to the same or similar issues as in the above-referenced Second Circuit case. Annexed is a copy of the Seventh Circuit Decision.

Respectfully submitted,


/s/ Jeffrey Herzberg
Jeffrey Herzberg
cc.    Peter J. Corey, Esq. by ECF
        Wendy L. Cox, Esq. by ECF
Annex

# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 23-2212

MARILYN O. MARSHALL,

*Trustee-Appellant,*

v.

EDWARD JOHNSON,

*Debtor-Appellee.*

---

Appeal from the United States Bankruptcy Court for the
Northern District of Illinois, Eastern Division.
No. 22-04449 — **Timothy A. Barnes**, *Bankruptcy Judge.*

---

ARGUED FEBRUARY 15, 2024 — DECIDED MAY 3, 2024

---

Before SYKES, *Chief Judge*, and EASTERBROOK and KIRSCH, *Circuit Judges*.

KIRSCH, *Circuit Judge*. While Edward Johnson's Chapter 13 bankruptcy case was pending, he made payments to the bankruptcy trustee under his proposed repayment plan. But the bankruptcy court never confirmed his plan and ultimately dismissed his case for unreasonable delay. Consequently, the bankruptcy court found that the trustee must return all of Johnson's undisbursed payments to him without first

deducting a statutory percentage fee as compensation. The trustee filed a direct appeal, arguing that she is entitled to be paid a fee under 28 U.S.C. § 586(e)(2) and 11 U.S.C. § 1326(b), even though Johnson's case was dismissed. Because we agree with the Ninth and Tenth Circuits that the United States Bankruptcy Code requires the Chapter 13 trustee to return her fee when the debtor's plan is not confirmed, we affirm.

I

Edward Johnson petitioned for bankruptcy relief under Chapter 13 of the United States Bankruptcy Code. While his case was pending before the bankruptcy court, he made around $3,800 in payments to the bankruptcy trustee, Marilyn O. Marshall, under his proposed repayment plan. Of those payments, the trustee paid around $750 in pre-confirmation adequate protection payments to Johnson's creditors. The rest of the payments were to be disbursed upon plan confirmation. But despite the bankruptcy court holding multiple confirmation hearings, the court never confirmed Johnson's plan because he was unable to satisfactorily address an outstanding loan and his domestic support obligations. The bankruptcy court ultimately dismissed his case for unreasonable delay.

Before returning Johnson's undisbursed payments to him, the trustee had deducted a percentage fee of around $260 as compensation under 28 U.S.C. § 586(e)(2) and 11 U.S.C. § 1326(b). Johnson then filed a motion requesting that the trustee disgorge her fee. The bankruptcy court granted Johnson's motion and ordered the trustee to return all undisbursed payments, including her fee, to him. The court reasoned that the trustee did not have statutory authority to

deduct her fee because Johnson's plan was not confirmed. The trustee filed a direct appeal.

## II

Whether the Chapter 13 bankruptcy trustee must return her fee if the debtor's plan is not confirmed is a question of law that we review de novo, see *Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011), and is one of first impression in our circuit.

We begin our analysis with the statutory text. *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 69 (2011). Within 30 days of filing a proposed repayment plan, a Chapter 13 debtor must begin making payments as "proposed by the plan to the trustee." 11 U.S.C. § 1326(a)(1)(A). The trustee must retain such payments until a plan is confirmed or denied. *Id.* § 1326(a)(2). As relevant here, pre-confirmation payments to creditors are allowed under certain circumstances if they "provide[] adequate protection … to a creditor holding an allowed claim secured by personal property … ." *Id.* § 1326(a)(1)(C). If the plan is confirmed, the trustee must distribute the remaining payments in accordance with the plan. *Id.* § 1326(a)(2). But where, as here, a plan is not confirmed, "the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)." *Id.* This requires "the standing trustee [to] return all of the pre-confirmation payments [she] receives, without first deducting [her] fee." *In re Doll*, 57 F.4th 1129, 1141 (10th Cir. 2023) (emphasis in original). While § 1326(a)(2) has two exceptions, neither covers the trustee's fee. As to the first, "[t]he Chapter 13 trustee's fee is not an administrative expense under Section 503(b)," *In re Evans*, 69 F.4th 1101, 1104 n.2 (9th Cir. 2023), and the trustee has not argued that it is. As for the second, the

trustee's fee is not a payment "previously paid"—because only certain adequate protection payments are permitted pre-confirmation—nor is it a payment "due and owing to creditors." 11 U.S.C. § 1326(a)(2). Because neither exception applies to the Chapter 13 trustee's fee, she must return her fee to the debtor.

The trustee argues that § 1326(b) authorizes her to keep her fee when making pre-confirmation adequate protection payments to creditors. This argument is unavailing. That provision states: "Before or at the time of each payment to creditors under the plan, there shall be paid … the percentage fee fixed for [the] standing trustee … ." *Id.* § 1326(b)(2). But § 1326(b) "addresses only payments made <u>after</u> a plan has been confirmed." *In re Doll*, 57 F.4th at 1145 (emphasis in original); see also *In re Evans*, 69 F.4th at 1107 ("The plain text of Section 1326(b) unambiguously shows that it is the specific provision governing when a trustee 'shall be paid': 'before or at the time of each payment to creditors under the plan,' which necessarily means post-confirmation of a plan."). Because Johnson's plan was never confirmed, § 1326(b) is inapplicable. And regardless, § 1326(b) is inapplicable to adequate protection payments because such payments are not payments "under the plan." They are owed under an "order for relief," not the plan. *Id.* § 1326(a)(1)(C); see also *In re Perez*, 339 B.R. 385, 398–99 (Bankr. S.D. Tex. 2006), aff'd sub nom. *Perez v. Peake*, 373 B.R. 468 (S.D. Tex. 2007) ("[A] Chapter 13 debtor … makes adequate protection payments pursuant to a court order …, not pursuant to a proposed plan.").

Under the same logic, the trustee also has no right to keep her fee under 28 U.S.C. § 586(e)(2), which states that the trustee "shall collect such percentage fee from all payments

received by such individual under plans ... ." As discussed, adequate protection payments are not payments "under plans," and thus this section is inapplicable to the pre-confirmation payments the trustee made. And § 586(e)(2) is irrelevant, as it "only addresses the source of funds that may be accessed to pay standing trustee fees." *In re Doll*, 57 F.4th at 1140; see also *id.* at 1144 ("'[C]ollect' in 28 U.S.C. § 586(e)(2) cannot mean ... that the act of 'collection' of funds irrevocably constitutes a payment to the Trustee of his fees."); *In re Evans*, 69 F.4th at 1108 ("Section 586 only provides that when a trustee does collect her fee pursuant to 1326(b), she does so by collecting her fee from all payments received under confirmed plans.") (cleaned up). Rather, § 1326(a) governs "what happens to such [collected] payments if a Chapter 13 plan is not confirmed." *In re Doll*, 57 F.4th at 1140. Section 1326(a)(2) mandates that the trustee return all payments, including her fee, to the debtor. Sections 1326(b) and 586(e)(2) do not compel a different result.

The treatment of the trustee's fee in other Chapters of the Bankruptcy Code reinforces our interpretation. In cases brought under Chapter 12 and Subchapter V of Chapter 11, "Congress provided explicitly that the standing trustee <u>should</u> <u>first</u> <u>deduct</u> <u>his</u> <u>or</u> <u>her</u> <u>fee</u> before returning pre-confirmation payments to the debtor." *Id.* at 1141 (emphasis in original); see 11 U.S.C. § 1226(a)(2) ("If a plan is not confirmed, the trustee shall return any such payments to the debtor, after deducting ... the percentage fee fixed for such standing trustee."); 11 U.S.C. § 1194(a)(3) ("If a plan is not confirmed, the trustee shall return any such payments to the debtor after deducting ... any fee owing to the trustee."). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally

presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (cleaned up). Put differently, if Congress intended for the Chapter 13 trustee to deduct her fee before returning pre-confirmation payments, it would have expressly said so. *In re Doll*, 57 F.4th at 1142.

Accordingly, we join the Ninth and Tenth Circuits in holding that the Chapter 13 trustee must return her fee when, as here, the debtor's plan is not confirmed.

AFFIRMED